IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| AARON BRANDON GRAVES, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 7:18-cv-00177-O-BP |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | § § § § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On January 3, 2020, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 17. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Plaintiff Aaron Brandon Graves ("Graves") is not disabled as defined by the Social Security Act. *Id.* at 2 (citing Admin. R. 36, ECF No. 12-1). Graves filed Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on January 16, 2020. Pl.'s Obj., ECF No. 18.

The Court has conducted a de novo review of the FCR. For the following reasons, Graves's Objections are **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

**I.    BACKGROUND**

Graves filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for social security income, both based on his alleged disability. Admin. R. 24, ECF No. 12-1. The Commissioner denied these claims initially and upon reconsideration. *Id.* Graves then requested a hearing, and the Administrative Law Judge ("ALJ") held a video hearing. *Id.*

1

The ALJ's decision applied the statutory five-step framework, made findings at each step, and concluded that Graves was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id.* at 26–37. Specifically, the ALJ found that (1) Graves had not engaged in substantial gainful activity since the alleged onset date, (2) Graves had several severe physical impairments, (3) the severity of Graves's impairments did not meet the criteria of any listed impairment, (4) Graves had the residual functional capacity ("RFC") to perform light work (with several limitations), which rendered him unable to perform his past relevant work, and (5) considering Graves's age, education, work experience, and RFC, there are several other jobs that Graves could perform. *Id.* Accordingly, the ALJ concluded that Graves was not disabled as defined by the Social Security Act. *Id.* at 37.

## II. LEGAL STANDARD

On review of the Commissioner's denial of benefits, a reviewing court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (i) whether the claimant is engaged in substantial gainful activity; (ii) whether the claimant's impairments are medically severe; (iii) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (iv) whether the RFC precludes the claimant from performing his past relevant work; and (v) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520a(d)(3).

## III. ANALYSIS OF OBJECTIONS

Graves objects to the FCR, maintaining that "the decision of the Commissioner is not supported by substantial evidence." Pl.'s Obj. 2, ECF No. 18. Graves presents three arguments in support. First, Graves contends that the ALJ erred by failing to consider and evaluate Graves's severe impairments in determining Graves's RFC. Pl.'s Br. 2, ECF No. 14; Pl.'s Obj. 2, ECF No. 18. Second, Graves contends that the ALJ erred by failing to adequately describe Graves's limitations to the vocational expert ("VE"). Pl.'s Br. 2–3, ECF No. 14; Pl.'s Obj. 2, ECF No. 18. And third, Graves contends the ALJ erred by failing to establish the existence of other jobs, existing in significant numbers, that Graves could perform. Pl.'s Br. 3, ECF No. 14; Pl.'s Obj. 2–3, ECF No. 18. The Court addresses each in turn.

### A. Residual Functional Capacity

First, Graves argues that "[t]he ALJ erred by failing to consider functional limitations resulting from all of [Graves's] medically determinable impairments, including impairments which the ALJ

acknowledged to be severe." Pl.'s Obj. 2, ECF No. 18. He contends that, because "[t]he ALJ applied an improper legal standard to evaluate [Graves's] severe impairments . . . the ALJ's [RFC] determination was defective." *Id.*

The determination that a claimant has a severe impairment is "not a sufficient condition for receiving benefits," but "means only that the claimant has passed the second step" of the analysis. *Shipley v. Sec'y of Health & Human Servs.*, 812 F.2d 934, 935 (5th Cir. 1987). A claimant's RFC is assessed to determine the work a claimant can still do, despite his present limitations. *Winston v. Berryhill*, No. 3:16-CV-419-BH, 2017 WL 1196861, at *12 (N.D. Tex. Mar. 31, 2017), *aff'd*, 755 F. App'x 395 (5th Cir. 2018) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam)). "[T]he consideration of whether a claimant's impairments are severe at step two is a different inquiry than an ALJ's assessment of the claimant's RFC." *Id.* at *13. And a finding of "a combination of impairments that is severe" is not inconsistent with the determination that the claimant nonetheless has the RFC to perform past relevant work. *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). On review of the Commissioner's decisions, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *Greenspan*, 38 F.3d at 236.

At the statutory fourth step, "[a]fter careful consideration of the entire record," the ALJ concluded that Graves had the RFC "to perform light work" with several limitations. Admin. R. 29, ECF No. 12-1. The ALJ "considered all symptoms and the extent to which th[ose] symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence" and found that "the objective findings in this case fail[ed] to provide strong support for [Graves's] allegations of disabling symptoms and limitations." *Id.* at 29–30. Specifically, the ALJ compared Graves's own impressions with the evidence in the record, including the testimonies of several medical experts, to which he assigned varying degrees of weight. *See id.* at 33–35. Ultimately, the

ALJ concluded that "the medical findings d[id] not support the existence of limitations greater than those reflected in the above [RFC]." *Id.* at 30.

The Court concludes that the ALJ's RFC assessment is supported by substantial evidence in the record. The ALJ considered the entire record and all evidence—including all impairments, both severe and non-severe—and determined that none of the impairments, alone or in combination, satisfied the disability requirements. *See generally id.* Though Graves focuses on the ALJ's lack of explicit reference to specific limitations the ALJ concluded were severe, *see* Pl.'s Obj. 3–6, ECF No. 18, an ALJ need not always do an "exhaustive point-by-point discussion" to support a conclusion, *Aulder v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Thus, the Court finds that the ALJ's stated review of the entire record, along with his accompanying factual recitation and legal analysis, is sufficient to support the Commissioner's conclusion regarding Graves's RFC. Graves's first objection is **OVERRULED.**

### B. Vocational Expert

Second, Graves argues that "the response of the [VE] to a hypothetical question based upon [the] defective [RFC] assessment is not substantial evidence sufficient to support the Commissioner's decision at step 5." Pl.'s Obj. 2, ECF No. 18. As this objection is also based on Graves's argument that the ALJ's RFC assessment was flawed—an argument the Court rejected above—the Court determines that the ALJ's hypothetical was not defective. Graves's second objection is **OVERRULED.**

### C. Alternative Work

Finally, Graves argues that, at step five, "the Commissioner [did] not established the existence of work in significant numbers which Plaintiff can perform." *Id.* at 3. Specifically, Graves disputes the ALJ's reliance on "one job which was withdrawn by the [VE] as inconsistent with the parameters of the hypothetical question." *Id.* at 2–3. Graves also argues that "[t]he remaining two jobs are also

5

inconsistent with such question and with the RFC found by the ALJ." *Id.* at 3.

At statutory step five, the burden shifts from the claimant to the Commissioner, who must show "there is other substantial work in the national economy that the claimant can perform." *Aulder*, 501 F.3d at 448. "[A]n ALJ is entitled to rely on various sources, including the *DOT* [(Dictionary of Occupational Titles)] and/or VE testimony to determine the quantity of the jobs existing in the national economy available given a plaintiff's functional limitations." *Longoria v. Colvin*, 3:13-CV-1690-B-BK, 2014 WL 2777473, at *9 (N.D. Tex. May 21, 2014). In his discretion, the ALJ may give greater weight to a VE, who "may be able to provide more specific information about jobs or occupations that the DOT." SSR 00-4p, 65 Fed. Reg. 75759, 75760 (Dec. 4, 2000). But if the ALJ relies on VE testimony, he must ask the VE whether her testimony is consistent with the DOT. *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016). "'When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.'" *Id.* (quoting SSR 00-4p, 65 Fed. Reg. 75759, 75760). However, a reviewing court should "'not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure.'" *Id.* at 592–93 (quoting *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000)).

When considering whether there was "jobs that exist in significant numbers in the national economy" that Graves could perform, ALJ relied on the testimony of the VE. Admin. R. 36, ECF No. 12-1. The ALJ determined the VE's testimony was "consistent with the information contained in the [DOT]," and he concluded that Graves could perform three jobs: (1) self-service store attendant; (2) cashier II; and (3) cafeteria attendant. *Id.* The Court agrees that the ALJ erred by concluding that Graves could serve as a cafeteria attendant, as the ALJ's conclusion was based on the VE's initial statement, which she promptly revoked. *See id.* at 77 ("That does—actually, that would not be

appropriate, now that I look at it closer. No. Just the cafeteria attendant, because that would not offer the sit/stand option. So I would want to substitute another job."). Thus, the Court considers the ALJ's analysis of the two remaining alternative jobs: self-service store attendant and cashier II.

The Magistrate Judge stated that the ALJ erred when he "relied on the VE's testimony but did not ask whether the testimony was consistent with the DOT." FCR 15, ECF No. 17. Nevertheless, the Magistrate Judge found that the ALJ's error was harmless because Graves did not "establish that a conflict exists" between the DOT and the VE's testimony regarding the self-service store attendant and cashier II jobs, nor "show that the ALJ's failure to resolve the apparent conflict prejudiced him." *Id.*

The Court agrees that Graves has failed to establish reversible error regarding the remaining two jobs, but for a different reason: The ALJ did not err. After the ALJ posed his hypothetical question including the limitations in Graves's RFC, the VE listed the jobs she listed the jobs that, in her opinion, Graves could perform. *See* Admin. R. 75–76, ECF No. 12-1. Immediately following the VE's response, the ALJ asked, "[d]oes the evidence you've provided conflict, in any fashion, with the Dictionary of Occupational Titles?" *Id.* at 76. The VE answered, "[n]o." *Id.* Because the ALJ asked the VE whether her opinion was consistent with the DOT, the ALJ was within his discretion to rely on the VE's testimony without eliciting further explanation. *See Caronia v. Colvin*, No. 4:12-CV-595-Y, 2013 WL 5192904, at *6 (N.D. Tex. Sept. 13, 2013).

Relying on this Court's prior case law and the Commissioner's own guidelines, Graves argues that "an unresolved conflict exists." Pl.'s Obj. 8–9, ECF No. 18. Graves cites the Social Security Administration's Vocational Expert Handbook, which states that "[i]t could be argued that occupations requiring reasoning level 3 are too complex for an individual limited to 'simple' and 'repetitive' tasks. Therefore, an apparent conflict exists." *Id.* (quoting SSA, Vocational Expert Handbook 39 n.52 (Aug. 2017)). Graves also points out that this Court "has concluded that jobs at

7

reasoning level 3 are not compatible with a limitation to 'simple' tasks." *Id.* (quoting *Johnson v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-3126-L (BF), 2013 WL 632104, at *14 (N.D. Tex. Feb. 4, 2013), *report and recommendation adopted by Johnson v. Astrue*, No. 3:11-CV-3126-L, 2013 WL 628561 (N.D. Tex. Feb. 20, 2013)). But this Court has also come to the opposite conclusion after noting that "[t]he DOT's definition of level 3 reasoning does not, on its face, indicate that jobs with reasoning development level 3 involve more than simple, repetitive work." *Caronia*, 2013 WL 5192904, at *6; *see also* Comm'r's Resp. 10 n.1, ECF No. 15 (collecting cases). "[U]nless a direct and obvious conflict exists between the VE's testimony and the *DOT*, the ALJ met his step five burden." *Longoria*, 2014 WL 2777473, at *8. Graves did not—and based on the conflicting case law, cannot—establish a "direct and *obvious* conflict" between the VE's testimony and the DOT. *Id.* (emphasis added).

Moreover, Graves failed to raise this issue before the ALJ. "[A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation." *Carey*, 230 F.3d at 146. But "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Id.* at 146–47. Given that Graves's counsel "failed to present any conflicts through cross-examination," the Court finds that "nothing at the hearing triggered any reason for the ALJ to elicit a 'reasonable explanation' for any possible conflicts." *See Caronia*, 2013 WL 5192904, at *6 (internal citation omitted).

The Court concludes that the ALJ correctly communicated Graves's RFC to the VE, confirmed that the VE's opinion did not conflict with the DOT, and properly relied on the VE's opinion as substantial evidence that "there are jobs that exist in the significant numbers in the national economy

8

that the claimant can perform." Admin. R. 36, ECF No. 12-1. Accordingly, Graves's third objection is **OVERRULED.**

IV.     **CONCLUSION**

Having conducted a de novo review of the FCR and Graves's Objections, the Court **OVERRULES** each of Graves's Objections and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Graves is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **25th day of February, 2020.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE